UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBERT F. SINEGAL                    DOCKET NO. 6:24-cv-1792

VERSUS                               JUDGE ROBERT R. SUMMERHAYS

USA, ET AL                           MAGISTRATE JUDGE WHITEHURST

<u>REPORT AND RECOMMENDATION</u>

Before the court are the original and amended civil rights complaints (docs. 4, 5) filed pursuant to 42 U.S.C. § 1983, as well as a Motion for Emergency Hearing (doc. 8) by plaintiff Robert F. Sinegal, who is proceeding pro se in this matter[1]. For reasons stated below IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

I.    BACKGROUND

The instant complaint raises several separate and unrelated issues. First, plaintiff complains that on December 16, 2024, his food was delivered to his cell on a tray that was slid to him on the floor by Sgt. Cashmere, "like a dog," in violation of the 8th Amendment. Doc. 4, p. 3.

Next, he alleges that on November 17, 2024, from 9:00pm-10:10pm, and on November 23, 2024, from 8:50pm-9:10pm, he was sexually abused by an inmate, Gerald McCain. Doc. 4, p. 4; doc. 5, p. 2. When he told the staff about the rape he was written up for sexual relations with

---

[1] Plaintiff requested, but not yet been granted, permission to proceed *in forma pauperis* in this matter. (*See* deficient motion for leave to proceed ifp, doc. 6.) However, due to the Motion for Emergency Hearing filed on January 30, 2025, and the necessity to review the merits of plaintiff's complaint to address same, the Court moved forward with conducting a preliminary review. The plaintiff can disregard the Court's directive to submit the prison account certification, sent by the Clerk of Court on January 30, 2025.

another inmate.  He contends that this inmate was an "LGBTQ with a sexual abuse history."  Doc. 4, p. 4.

He complains that the temperatures in the dorm were "freezing" from December 13, 2024, through January 13, 2025.  *Id*.  It was so cold that he's "seen on camera not coming out from [his] bed due to freezing temperature."  *Id*.

Finally, plaintiff complains about the status of his state court case wherein he has "filed over 10 motion (sic) in court for fast and speedy (x4), quash (x3)."  Doc. 5, p. 2.

## II.    LAW & ANALYSIS

### A.  *Frivolity Review*

Sinegal has filed a motion to proceed in forma pauperis in this matter.  Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist*., 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.  In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Food Service

Sinegal alleges that his constitutional rights have been violated as a result of the prison guard sliding his food tray on the floor to deliver it to him.  The Constitution mandates that detainees and inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted); see *also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food.").  Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied sub nom, Owens v. French*, 479 U.S. 817, 107 S. Ct. 77, 93 L. Ed. 2d 32 (1986).

Sinegal does not allege that he has been denied adequate nutrition or that he has a dietary need that has not been met. Furthermore, without some showing of physical injury resulting from the food service practices or potential contamination of the food, he has no basis for bringing a suit under § 1983. *See Jackson v. Taylor*, No. 05-823, 2008 U.S. Dist. LEXIS 74197, 2008 WL

4471439, at *5 (D. Del. Sep. 26, 2008). This claim must be dismissed as frivolous and/or for failure to state a claim.

### D.  Sexual Assault by Inmate and Failure to Protect

Plaintiff makes allegations of sexual assault by another inmate and complains that jail officials did not protect him from same.  First, Sinegal cannot state a claim against the inmate who allegedly assaulted him.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.  Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983.  *See, e.g., Batiste v. Gusman*, 2013 U.S. Dist. LEXIS 165079, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983."); *Bland v. Terrebonne Parish Criminal Justice Complex*, 2009 U.S. Dist. LEXIS 99007, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009) (same); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978) (same).  Because an inmate is not a state actor, the § 1983 claim against Inmate McCain should be dismissed.

Further, to the extent that plaintiff intends to bring a claim of failure to protect against jail staff, this claim also fails. The Eighth Amendment's prohibition against "cruel and unusual punishment" protects the rights of convicted prisoners; the rights of pre-trial detainees, such as the plaintiff, are protected by the "due process clause" of the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)(citations omitted). Allegations of "failure to protect" and inadequate medical care are evaluated under a "deliberate indifference" standard, whether alleged under the Fourteenth Amendment by pre-trial detainees, or under the Eighth Amendment by convicted prisoners. *See Hare,* 74 F.3d at 640-43.

Thus, a pre-trial detainee's right to be protected from violence is measured by the standard of "subjective deliberate indifference" as enunciated by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under the "subjective deliberate indifference" standard discussed in *Farmer*, a prison official cannot be liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." In order to prevail on such claims, a civil rights plaintiff must allege and ultimately establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and (2) that they actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never support a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *See Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8 (1983), the Court approved the following definition of wanton - "'Wanton means reckless-without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also

been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.  30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

Plaintiff has not alleged deliberate indifference to his safety. He has not alleged that he had been threatened prior, that he had any information to suggest that anyone at the Vermilion Parish Jail was aware that he would be attacked or that he was in danger.  The fact that this inmate was "LGBTQ with a sexual abuse history" is not enough to establish deliberate indifference to Sinegal's safety.  "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ*., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  This claim should be dismissed.

### E.  *Temperature in Cell*

Plaintiff also complains of freezing temperatures in the jail.  Pretrial detainees have a right to protection from extreme cold. *See Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999)(finding in the Eight Amendment context that exposure to cold without adequate protection can state a claim for unconstitutional conditions of confinement); *Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006) (pretrial detainee subjected to cold cell with leaking ceiling continuously for several months); *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)(pretrial detainee kept in cell for a week and a half without bedding, clothes or heat in middle of November); *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983).  The Seventh Circuit has provided some guidance in

this matter. *See Dixon*, 114 F.3d at 644. Factors to consider include the severity of the cold; its duration; whether the prisoner had alternative means to protect himself from the cold; the adequacy of those alternative means; and whether the prisoner must endure other uncomfortable conditions in addition to the cold. *Id*.

Plaintiff alleges that the temperatures in the jail were "freezing" from December 13, 2024, through January 13, 2025. While the Court concedes that on certain days during this time period the temperatures may have been cold, plaintiff's own allegations that he did not come out of his bed, presumably because he had bedding and clothing to keep him warm, establish that he was given alternative means to protect himself from the cold.

And while temporary exposure to the cold may, in some cases, give rise to an Eighth Amendment violation claim, Plaintiff has not alleged sufficient facts to bring forth a § 1983 claim. *Cf. Withrow v. Heaton*, 275 F.3d 42, 2001 WL 1223630 (5th Cir. Sept. 24, 2001) (plaintiff's claim that exposure to extreme cold exacerbated his arthritis was sufficient to allege a physical injury). Plaintiff has not alleged facts to demonstrate that he suffered any physical harm resulting from the temporary exposure to the cold. As such, this claim should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

### F. Federal Intervention in State Criminal Proceedings

Finally, plaintiff voices dissatisfaction regarding ongoing state court proceedings against him. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to interfere with state criminal proceedings "except in extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Rodriguez v. Salazar*, 2019 U.S. Dist. LEXIS 188892, 2019 WL 5624756, at *1 (W.D. Tex. Oct. 31, 2019). The Fifth Circuit has emphasized that the federal court must abstain from exercising jurisdiction over a dispute when (1) the dispute involves an ongoing

state judicial proceeding, (2) the subject matter of the dispute implicates important state interests, and (3) the ongoing state proceedings afford adequate opportunities for raising the constitutional challenges. *Louisiana v. Ashworth*, 2024 U.S. Dist. LEXIS 233021, *1 (W.D. La., Dec. 19, 2024) (citing Wightman v. Tex. Sup. Ct., 84 F.3d 188, 189-90 (5th Cir. 1996)).

The State of Louisiana has an important interest in enforcing its laws and regulations. *Id.* at *2. Petitioner has more than adequate opportunity to raise any challenges in the state courts. Additionally, he has not shown extraordinary circumstances setting him apart from most other criminal defendants raising some sort of constitutional error in their case. Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

## III.    CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Emergency Hearing (doc. 8) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 5th day of February, 2025.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**